FILED
Jul 28, 2022
07:00 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS





# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **MASON COLE,** | ) | **Docket No. 2021-08-0425** |
| **Employee,** | ) | |
| **v.** | ) | |
| **R&L CARRIERS,** | ) | **State File No. 60977-2020** |
| **Employer,** | ) | |
| **And** | ) | |
| **HARTFORD INSURANCE CO.,** | ) | **Judge Deana C. Seymour** |
| **Carrier.** | ) | |
| | ) | |

_____

## EXPEDITED HEARING ORDER

_____

The Court held an Expedited Hearing on July 6, 2022, to determine Mason Cole's entitlement to medical and temporary disability benefits for a low-back injury. R&L Carriers contended that Mr. Cole was not entitled to the requested benefits because he was noncompliant with treatment, failed to obtain medical proof of causation, and worked in a light-duty position that met his restrictions until his termination for cause. Based on the proof presented, the Court holds Mr. Cole is likely to prevail at trial on his claim for medical benefits but is not likely to prevail on his claim for temporary disability benefits at this time.

### History of Claim

On September 11, 2020, Mr. Cole claimed a work-related back injury after his forklift ran off the dock due to faulty brakes. R&L accepted the claim and authorized treatment. After a referral to a specialist, Mr. Cole selected Dr. Sam Murrell from a panel.

Mr. Cole presented to Dr. Murrell in December 2020, complaining of low-back and left-leg pain. X-rays showed disc degeneration at L5-S1. Dr. Murrell diagnosed Mr. Cole with "low back pain/strain with left sciatica" and "underlying degenerative disc disease." He ordered physical therapy and an MRI. However, Mr. Cole did not return for follow up, and in April 2021, R&L terminated treatment for noncompliance and terminated his employment for violating its attendance policy.

1

At the hearing, Mr. Cole testified he continues to have problems with his back. He claimed he attended physical therapy until February 2021 but never received the MRI. His therapist ultimately discontinued therapy until he obtained the diagnostic testing, which according to Mr. Cole, R&L had denied. He noted that he had difficulty reaching his initial adjuster.[1] He also testified that he tried contacting Dr. Murrell's office to get an appointment under workers' compensation without success.

Mr. Cole admitted to working in a light-duty position until his termination. However, he argued that his termination was based on absences related to treatment for his work injury. He asked the Court to order R&L to provide additional treatment and temporary disability benefits.

R&L refused to offer any additional medical benefits, arguing that Mr. Cole was noncompliant with treatment and offered no medical proof of causation. It further contended he was not entitled to temporary disability benefits, as no physician took him completely off work and he worked in a light-duty capacity until he was terminated for violating the company's attendance policy.

R&L introduced the affidavits of adjuster John Hewitt and Service Center Manager Doug Martindale.[2] It also introduced the Rule 72 Declaration of Injury Recovery Specialist Monica Holbrook.

Mr. Hewitt's affidavit discussed how Mr. Cole missed at least two visits with Dr. Murrell after he sent letters, advising him of the rescheduled appointments. According to Mr. Hewitt, Dr. Murrell closed Mr. Cole's file due to the missed visits.

Ms. Holbrook's declaration addressed Mr. Cole's missed appointments with Dr. Murrell and a March 2021 letter sent to him regarding his medical noncompliance. The declaration also discussed Mr. Cole's termination for violating company policy, R&L's accommodation of Mr. Cole's restrictions, and the transitional work he performed until his termination.

### Findings of Fact and Conclusions of Law

To obtain the requested relief, Mr. Cole must show that he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2020); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

---

[1] R&L changed third-party administrators in November 2021.
[2] Mr. Martindale's affidavit testimony concerned issues addressed in R & L Carrier's Motion to Dismiss, which the Court denied by separate order.

Initially, Mr. Cole seeks continued medical care for his back. Tennessee Code Annotated section 50-6-204(a)(1)(A) requires the employer to furnish medical treatment made reasonably necessary by a work accident. Moreover, Tennessee law has long held that medical proof is not to be "read and evaluated in a vacuum" but instead "must be considered in conjunction with the lay testimony of the employee as to how the injury occurred and the employee's subsequent condition." *Thompson v. Aetna Life & Cas. Co.*, 812 S.W.2d 278, 283 (Tenn. 1991).

R&L accepted Mr. Cole's claim after his forklift ran off the dock and authorized treatment with two providers. Panel-selected physician Dr Murrell ordered physical therapy and an MRI. While Mr. Cole did attend some therapy, he testified that R&L never authorized the MRI.

R&L relied on Mr. Cole's medical noncompliance to support its contention that he is not entitled to further treatment. According to R&L, Mr. Cole stopped attending appointments with Dr. Murrell after his first visit.

In Tennessee, when an employee "refuses to comply with any reasonable request for examination or to accept the medical or specialized medical services that the employer is required to furnish . . ., the injured employee's right to compensation shall be suspended and no compensation shall be due and payable while the injured employee continues to refuse." Tenn. Code Ann. § 50-6-204(d)(8). Our Supreme Court has long interpreted this provision to mean that "in circumstances where an employee is noncompliant with medical treatment, 'compensation shall be held in abeyance, not terminated.'" *Newell v. Metro Carpets, LLC*, 2016 TN Wrk. Comp. App. Bd. LEXIS 57, at *4-5 (Sept. 28, 2016). In addition, where an employee misses medical appointments but credibly testifies that she was unaware that they had been scheduled, this does not constitute medical noncompliance. *Bailey v. Amazon,* 2022 TN Wrk. Comp. App. Bd. LEXIS 16, at *6-7 (May 3, 2022).

The evidence presented does not convince the Court that Mr. Cole was noncompliant with treatment. The record is unclear whether Mr. Cole received notice of the rescheduled appointments with Dr. Murrell. While Mr. Hewitt's affidavit and Ms. Holbert's declaration mentioned that letters were sent to Mr. Cole about these appointments, the letters were not introduced, and Mr. Cole did not testify to receiving these letters.

Moreover, even if Mr. Cole were initially noncompliant with treatment, he has attempted to become compliant so that he can receive additional treatment for his back. Based on Mr. Cole's credible testimony, he had difficulty communicating with his initial adjuster and obtaining treatment since the beginning of his claim. He stated he tried to see the doctor under workers' compensation with no success and discussed the current problems he continues to have with his back. Therefore, any past noncompliance on Mr. Cole's part would not affect his present entitlement to medical benefits.

R&L also claimed that Mr. Cole's failure to introduce medical proof of causation supported its contention that he is not entitled to further treatment. It points to Dr. Murrell's diagnosis of degenerative disc disease to infer that his condition may be pre-existing.

The only medical proof introduced was Dr. Murrell's December 2020 record. While Dr. Murrell did not provide a causation opinion, his records suggest that Mr. Cole's need for treatment arose from an incident at work involving a forklift with faulty brakes. In addition, Dr. Murrell ordered an MRI to assist with diagnosis, which was never authorized by R&L despite Dr. Murrell's status as an authorized treating physician. This testing could also prove helpful in addressing causation. Based on the foregoing, Mr. Cole appears likely to prevail on his claim for continued treatment with Dr. Murrell for any condition found to arise primarily out of his employment.

Turning to Mr. Cole's request for temporary total disability benefits, he must show (1) he became disabled from working due to a compensable injury; (2) there is a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). Since no doctor took Mr. Cole completely off work, he would not be entitled to temporary total disability benefits.

However, temporary partial disability benefits are due when the treating physician has released the injured employee to return to work with restrictions before maximum medical improvement, and the employer either (1) cannot return the employee to work within the restrictions or (2) cannot provide restricted work for a sufficient number of hours and/or at a rate of pay equal to or greater than the employee's average weekly wage on the date of injury. *Id*. at *7-8. Mr. Cole admitted that R&L accommodated his restrictions until he was terminated in April 2021. However, he did not introduce any medical proof that he remained under restrictions after his termination. Thus, he is unlikely to prevail at a hearing on his claim for temporary disability benefits at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. R&L shall provide treatment with Dr. Sam Murrell for any condition related to his September 11, 2020 work injury under Tennessee Code Annotated section 50-6-204. Should Dr. Murrell refuse to treat Mr. Cole, R&L shall provide a panel of orthopedic physicians, and Mr. Cole shall select his authorized treating physician.

2. Mr. Cole's request for temporary disability benefits is denied at this time.

3. This case is set for a Status Conference on **September 19, 2022**, **at 10:00 a.m. Central Time**. The parties must call 615-532-9550 or toll-free at 866-943-0014 to

4

participate in the hearing. Failure to call might result in a determination of the issues without the party's participation.

**ENTERED July 28, 2022.**

_____
**Judge Deana C. Seymour**
**Court of Workers' Compensation Claims**

APPENDIX

Technical Record
1. Petition for Benefit Determination (with attachments)
2. Dispute Certification Notice
3. Order on Show Cause Hearing, dated December 2, 2021
4. Order on Show Cause Hearing, dated January 12, 2022
5. Hearing Request, filed January 12, 2022
6. Rule 72 Declaration of Mason Cole, filed January 18, 2022
7. Notice of Appearance
8. Notice of Filing Wage Statement
9. Motion to Dismiss for Inappropriate Service of Process
10. Notice of Hearing
11. Order on Status Hearing and Setting Expedited Hearing
12. Hearing Request, along with Rule 72 Declaration of Mason Cole, filed April 18, 2022
13. Employer's Position Statement
14. Employer's Exhibit List
15. Employer's Witness List
16. Rule 72 Declaration of Monica Holbrook
17. Affidavit of John Hewitt
18. Affidavit of Doug Martindale
19. Employer's Notice of Filing Medical Records
20. Order Denying Motion to Dismiss, dated July 21, 2022

Exhibits
1. Dr. Murrell's December 18, 2020 medical record
2. Original Petition for Benefit Determination
3. Hearing Request, dated October 1, 2021
4. Affidavit of John Hewitt
5. Affidavit of Doug Martindale
6. Rule 72 Declaration of Monica Holbrook

**CERTIFICATE OF SERVICE**

I certify that a copy of this order was sent as indicated on July 28, 2022.

| Name | Certified Mail | U.S. Mail | Email | Service sent to: |
|---|---|---|---|---|
| Mason Cole, Self-Represented Employee | X | X | X | 5618 Sycamore Ridge Memphis, TN 38134 maolova2@icloud.com |
| Leslie Bishop, Employer's Attorney | | | X | lbishop@lewisthomason.com |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Expedited Hearing Order Right to Appeal</u>:

      If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1.  Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

**CERTIFICATE OF SERVICE**

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*